# PROCESS RECEIPT AND RETURN

**U.S. Department of Justice**
United States Marshals Service

*See "Instructions for Service of Process by U.S. Marshal"*

USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

| | |
|---|---|
| **PLAINTIFF** United States of America | **COURT CASE NUMBER** CR-16-553 |
| **DEFENDANT** Vyachesalv Malkeyev | **TYPE OF PROCESS** Order of Forfeiture |

**SERVE AT** — NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

United States Marshals Service

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
225 Cadman Plaza, Brooklyn, New York 11201

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Mark J. Lesko, Acting United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
Attn: Claire Kedeshian

- Number of process to be served with this Form 285
- Number of parties to be served in this case
- Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Please execute as directed by the Order of forfeiture. Please transfer the funds into the Asset Forfeiture Fund.

CATS ID # 18-DEA-644077

Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT
*Nicole Brown for Claire Kedeshian*
TELEPHONE NUMBER: 718-254-6512
DATE: 6/7/21

RECEIVED-USMS-EDNY JUN 7, '21 PM 1:08

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY -- DO NOT WRITE BELOW THIS LINE

I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)*

| Total Process | District of Origin No. 53 | District to Serve No. 53 | Signature of Authorized USMS Deputy or Clerk | Date 6/7/21 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address *(complete only different than shown above)*

Date: 6/7/21  Time: ☐ am ☐ pm
Signature of U.S. Marshal or Deputy

| Service Fee 65 | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges 65 | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) $0.00 |

REMARKS: $15,000.00 transferred to AFF on 6/7/21

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/80

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Vyacheslav Malkeyev | ) | Case Number: 16-cr-00553-6 (BMC) (S-1) and (S-2) |
| | ) | USM Number: 89744-053 |
| | ) | Dennis J. Ring, Esq. |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   Guilty to Count 1s,19s,21s,22s of the Superseding Indictment (S-2) & Count 6 (S-1)

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|

See next page

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   open and underlying indictment   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/11/2020
Date of Imposition of Judgment

*Digitally signed by Brian M. Cogan*
Signature of Judge

BRIAN M. COGAN  U.S.D.J.
Name and Title of Judge

6/11/2020
Date

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1A

Judgment—Page __2__ of __8__

DEFENDANT: Vyacheslav Malkeyev
CASE NUMBER: 16-cr-00553-6 (BMC) (S-1) and (S-2)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1963(a); | Racketeering | 11/1/2016 | 1s |
| 21 U.S.C. §§ 846, 841(a | Conspiracy to distribute Marijuana | 10/1/2016 | 6 |
| 18 U.S.C. §§ 844(i); | Arson Conspiracy | 11/2/2016 | 19s |
| 18 U.S.C. § 844(h)(1) | Use of fire to commit federal offense | 5/2/2016 | 21s |
| 18 U.S.C. § 844(i) | Arson | 5/2/2016 | 22s |

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 3 of 8

DEFENDANT: Vyacheslav Malkeyev
CASE NUMBER: 16-cr-00553-6 (BMC) (S-1) and (S-2)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

TIME SERVED on Count 6 of the underlying indictment 16-cr-553, and Time Served on Counts 1, 19, 21 and 22 of the superseding indictment 16-cr-553(S-2).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __4__ of __8__

DEFENDANT: Vyacheslav Malkeyev
CASE NUMBER: 16-cr-00553-6 (BMC) (S-1) and (S-2)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 Years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page  5  of  8

DEFENDANT: Vyacheslav Malkeyev
CASE NUMBER: 16-cr-00553-6 (BMC) (S-1) and (S-2)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines, based on your criminal record, personal history or characteristics, that you pose a risk to another person (including an organization) the probation officer, with the prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

DEFENDANT: Vyacheslav Malkeyev
CASE NUMBER: 16-cr-00553-6 (BMC) (S-1) and (S-2)

## SPECIAL CONDITIONS OF SUPERVISION

1. Upon request, the defendant shall provide the U.S. Probation Department with full disclosure of his financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, the defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Department. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income and expenses. The defendant shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Department access to his financial information and records.

2. The defendant shall not associate in person, through mail, telephone, or electronic communication, with any individual with an affiliation to any organized crime groups, gangs, or other criminal enterprise, pursuant, but not limited to, a prohibition list provided by the U.S. Probation Department, nor shall the defendant frequent any establishment or other locale identified by the U.S. Probation Department as a location where these persons/groups may meet.

3. The defendant shall participate in an outpatient drug treatment program approved by the U.S. Probation Department. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the Probation Department's Sliding Scale for Substance Abuse Treatment Services, and shall cooperate in securing any applicable third party payment, such as insurance or Medicaid. The defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay. The defendant shall not consume any alcohol or other intoxicants during and after treatment, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department. The defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol.

4. The defendant is prohibited from engaging in any gambling activity, legal or illegal, or from travel to any casino-based geographic location.

5. The offender shall be placed under 24-hour home incarceration for a period of 3 months to be enforced by location monitoring, using specific technology to be determined by the Probation Department. The offender may only leave his residence for necessary medical services with advanced notification, and approval if time permits, from the Probation Department. All other leave from the residence must be submitted through defense counsel for the Court's approval.

6. The defendant shall quarantine for a period of 14 days.

7. The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: Vyacheslav Malkeyev
CASE NUMBER: 16-cr-00553-6 (BMC) (S-1) and (S-2)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| TOTALS | $ 500.00 | $ 1,145,339.90 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Victims known to the Government |  | $1,145,339.90 |  |
| **TOTALS** | $ 0.00 | $ 1,145,339.90 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the　☐ fine　☑ restitution.

　　☐ the interest requirement for the　☐ fine　☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Vyacheslav Malkeyev
CASE NUMBER: 16-cr-00553-6 (BMC) (S-1) and (S-2)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ 500.00 due immediately, balance due

   ☐ not later than _____, or
   ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:
   Restitution is due immediately. The total restitution amount to be paid is $1,145,339.90. See 18 U.S.C. § 3612(f). Monthly payments shall be made to the Clerk of the Court, United States District Court, 225 Cadman Plaza East, Brooklyn, NY 11201. The payment instrument shall reference the case name and number.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| 16cr553-BMC Leonid Gershman, Aleksey Tsvetkov, and Renat Yusufov | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

SLR:LDM:CSK
F. #2016R00512

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

VYACHESLAV MALKEYEV,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

16-CR-553 (BMC)

    WHEREAS, on June 6, 2017, VYACHESLAV MALKEYEV (the "defendant"), entered a plea of guilty to the lesser included offense of Count Six of the above-captioned Indictment, charging a violation of 21 U.S.C. § 841; and

    WHEREAS, pursuant to 21 U.S.C. § 853(a), the defendant has consented to the entry of a forfeiture money judgment in the amount of fifteen thousand dollars ($15,000.00) (the "Forfeiture Money Judgment"), as: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of his violation of 21 U.S.C. § 841; (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and/or (c) substitute assets, pursuant to 21 U.S.C. § 853(p).

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

    1.  The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. §§ 853(a) and 853(p).

    2.  All payments made towards the Forfeiture Money Judgment shall be made by money order, certified or official bank check, payable to "United States Marshals Service,"

with the criminal docket number noted on the face of the check. The defendant shall cause said checks to be sent by overnight mail to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full no less than ninety (90) days after the date of entry of the defendant's guilty plea (the "Due Date"). If the Forfeiture Money Judgment is not paid in full by the Due Date, interest on the unpaid portion of the Forfeiture Money Judgment shall accrue from that date at the judgment rate of interest, as set forth in 18 U.S.C. § 3612(f)(2).

3. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

4. The defendant agrees to complete a sworn-to Financial Statement no later than sixty (60) days following the acceptance of his plea. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property of his up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

5.  The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

6.  The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due and shall survive bankruptcy.

7.  Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of his sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. This Order, together with supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8.  This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

9.  The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

United States v. Vyacheslav Malkeyev, 16-CR-0553 (BMC)
Order of Forfeiture

Case 1:16-cr-00553-BMC-SMG Document 533-1 Filed 06/14/20 Page 4 of 4 PageID #: 13190
Case 1:16-cr-00553-BMC-SMG Document 632-1 Filed 06/14/17 Page 4 of 4 PageID #: 3632

4

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order of Forfeiture to the United States Attorney's Office, Eastern District of New York, Attn: FSA Paralegal Nicole Brown, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
~~June 14~~, 2017

SO ORDERED:

_____
HONORABLE BRIAN M COGAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

United States v. Vyacheslav Malkeyev, 16-CR-0553 (BMC)
Order of Forfeiture



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

KDE:AS
F. #2016R00552

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 27, 2019

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Leonid Gershman et al.,
               Criminal Docket No. 16-553 (S-4) (BMC)

Dear Judge Cogan:

        The government respectfully submits this letter to update the Court regarding restitution in this matter and to relay the positions of the government, the Probation Department, and the four defendants, Leonid Gershman, Aleksey Tsvetkov, Vyacheslav Malkeyev, and Renat Yusufov, convicted of the only crimes of conviction (arson and arson conspiracy) that the Probation Department has determined require restitution. As set forth below, all the parties have agreed on the appropriate amount of restitution for all the victims who have reported a financial loss.[1]

        At Gershman's sentencing, held on December 3, 2019, the Court scheduled submissions from the parties by January 17, 2020 on Gershman's objections to the restitution calculated by the Probation Department. The government also represented that it would contact all the defense counsel to inquire about their clients' positions on restitution because they would owe the same amount calculated by the Court jointly and severally.

        There are three arson victims who have reported losses to the Probation Department: the owner of the destroyed building ("Victim 1"), a tenant in the building ("Victim 2"), and the insurance company ("Victim 3") that paid Victim 1. The Probation Department initially calculated restitution owed to the victims as follows: $1,546.176.43 to Victim 1; $15,000 to Victim 2; and $1,001,162.90 to Victim 3. See Second Addendum to the Presentence Investigation Report. There has only been a dispute over the amount owed to Victim 1.

---

[1] Gershman and Tsvetkov do not acknowledge their involvement in the arson, and therefore their positions below do not constitute any admission of guilt.

The facts have never been disputed. Yusufov and Malkeyev burnt Victim 1's building in the early morning hours of May 2, 2016. Although Victim 1 put the value of his building at $1,600,000 in his affidavit, the parties agree that the appropriate value is $1,050,000, which is provided in the March 2017 appraisal report completed by "Westrock Appraisal Services" (the "Report") and submitted to the Probation Department by Victim 1. The Report states that as of May 1, 2016, the land was worth $225,000 and the "superstructure" (i.e., the building) was worth $825,000. Victim 1 also submitted checks that he received from Victim 3 totaling $920,823.

Gershman's counsel has persuaded the government and the Probation Department that under 18 U.S.C. § 3663A and relevant case law, losses stemming from lost rent must removed from the calculation, and, as the government agreed at Gershman's sentencing, the insurance proceeds Victim 1 received from Victim 3 must be removed from Victim 1's losses as well, to prevent double counting. The parties disagree on whether § 3663A covers demolition expenses generally but, as Gershman's counsel has also persuaded the government and the Probation Department, the demolition expenses in this case cannot be counted towards restitution for a separate reason: the $172,000 Victim 1 spent out of pocket are less than the value of the land, which Victim 1 still owns and which must offset any compensation for the property in order to prevent a windfall.[2]

Accordingly, the parties and the Probation Department respectfully submit that the restitution amount should be set as follows: $129,177 for Victim 1 (which represents the difference between the value of the land and the insurance payout); $15,000 for Victim 2; and

---

[2] Victim 1 has represented that expenses related to the demolition of the burnt structure added up to $406,898.41. The documents and underlying check he provided, however, show that he has only paid $172,000 out of pocket. There appears to be an ongoing dispute between Victim 1's company and the contractor responsible for the demolition about the rest of the money and, to date, Victim 1's company has not paid anything more than $172,000 to the contractor.

2

$1,001,162.90 for Victim 3. The government also respectfully requests that pursuant to 18 U.S.C. § 3664(j)(1), the Court order that Victims 1 and 2 be paid before Victim 3.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/ Andrey Spektor
Andrey Spektor
Sarah Evans
Assistant U.S. Attorneys
(718) 254-6700

cc: Clerk of Court (by ECF)
Jonathan Savella, Esq. (counsel for Leonid Gershman) (by email)
Murray Singer, Esq. (counsel for Aleksey Tsvetkov) (by email)
Dennis Ring, Esq. (counsel for Vyacheslav Malkeyev) (by email)
Lance Lazzaro, Esq. (counsel for Renat Yusufov) (by email)
Angelica Deniz, U.S.P.O. (by email)